# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **PATRICIA DONHAM,** | ) | **CASE NO.  1:06CV2653** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | **OPINION AND ORDER** |
| **GENERAL MOTORS CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the Court upon consideration of Defendant's Notice of

Removal (ECF DKT #1).  For the reasons that follow, the captioned case is remanded to

Cuyahoga County Common Pleas Court.

## I. BACKGROUND

On October 5, 2006, Plaintiff Patricia Donham instituted an action for personal injury

in Cuyahoga County Common Pleas Court against Defendant General Motors Corporation.

Plaintiff is a resident of Cuyahoga County and a citizen of the State of Ohio; while Defendant

is a Delaware corporation with its principal place of business in Wayne County, Michigan.

Defendant filed its Notice of Removal pursuant to 28 U.S.C. § 1441, et seq.; and asserts this

Court has original jurisdiction on the basis of diversity pursuant to 28 U.S.C. § 1332.

## II. LAW AND ANALYSIS

### Notice of Removal

28 U.S.C. § 1441 "provides that an action is removable only if it could have initially

been brought in federal court."  *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F.Supp. 1305,

1307 (E.D.Ky. 1990).  The burden of establishing federal jurisdiction rests upon the removing

party, i.e., the defendant.  *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949

(6th Cir. 1994).  "Concern about encroaching on a state court's right to decide cases properly

before it, requires this court to construe removal jurisdiction narrowly."  *Cole*, 728 F.Supp. at

1307 (*citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)).  The court must

review the complaint as it existed at the time the petition for removal was filed, and all doubts

must be resolved against removal.  *Ahearn v. Charter Township of Bloomfield*, 100 F. 3d 451,

453 (6th Cir. 1996); *Her Majesty The Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir.

1989).  "Where there is doubt as to federal jurisdiction, the doubt should be construed in favor

of remanding the case to the State court where there is no doubt as to its jurisdiction."  *Walsh

v. American Airlines, Inc.*, 264 F.Supp. 514, 515 (E.D.Ky. 1967); *see also Breymann v.

Pennsylvania*, O. & D. R.R., 38 F.2d 209, 212 (6th Cir. 1930).

**<u>Diversity jurisdiction</u>**

        In order to establish diversity jurisdiction under U.S.C. § 1332(a)(1), there must be

complete diversity of citizenship between the parties ***and*** an amount-in-controversy

exceeding Seventy-Five Thousand Dollars ($75,000).  "For a federal district court to have

original jurisdiction over a civil action based on diversity of citizenship, the amount in

controversy must exceed $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a)."  The

burden is on the defendant seeking removal to show that it is "more likely than not" that the

plaintiff's claims meet the amount-in-controversy requirement."  *Gafford v. General Electric

Comp.*, 997 F.2d 150, 158 (6th Cir. 1993).  "To satisfy this burden, this circuit requires

defendants who are faced with an indeterminate state court complaint to make an independent

inquiry as to the extent of the plaintiff's damages ***prior to filing the notice of removal***.

*Bowling v. Ryan*, 2005 WL 1875465 (E.D. Ky. July 29, 2005), fn.2 at \*3; *Cole*, 728 F.Supp.

at 1309. (Emphasis added).

In the instant matter, Plaintiff's State Complaint recites in the prayer: "WHEREFORE,

Plaintiff demands judgment against the Defendant for compensatory damages, together with

interest as provided by law and the costs of this action."  Defendant's Notice of Removal

makes no mention of the amount of damages claimed, not even a generalized statement

referencing the minimum jurisdictional amount.  At a Case Management Conference

conducted on January 22, 2007, Defendant's counsel remained unable to establish monetary

jurisdiction; and Plaintiff's counsel represented to the Court that the damages sought do not

reach the federal threshold.

### III. CONCLUSION

Since removal jurisdiction must be narrowly construed; since any doubt should be

resolved in favor of remand; and since Defendant has not met its burden of establishing the

requirements of original federal jurisdiction; the above-captioned case is remanded to

Cuyahoga County Common Pleas Court.

**IT IS SO ORDERED.**

**DATE: January 23, 2007**

 **s/Christopher A. Boyko**
 **CHRISTOPHER A. BOYKO**
 **United States District Judge**